NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**JOSEPH E. WADE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2022-1821

_____

Petition for review of the Merit Systems Protection Board in No. AT-0752-22-0271-I-1.

_____

Decided: September 8, 2023

_____

JOSEPH EMANUEL WADE, Miami, FL, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

_____

Before DYK, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

Joseph E. Wade petitions for review of a decision of the Merit Systems Protection Board ("Board"). *Wade v. Dep't of Veterans Affairs*, No. AT-0752-22-0271-I-1 (M.S.P.B. Apr. 22, 2022). The Board dismissed Mr. Wade's appeal, concluding it lacked jurisdiction because Mr. Wade had not challenged a final personnel action. We *affirm*.

## BACKGROUND

At the time relevant to this appeal, Mr. Wade was employed by the Department of Veterans Affairs (the "agency") as a Housekeeping Aid Supervisor. On February 28, 2020, the agency proposed to remove Mr. Wade from his position. Between March 1, 2020, and January 30, 2022, Mr. Wade filed three Board appeals related to the proposed removal. Those three appeals were brought as individual right of action ("IRA") appeals under the Whistleblower Protection Act, 5 U.S.C. § 1221(a). The Board dismissed the first two for a failure to exhaust remedies before the Office of Special Counsel, and the third as untimely. In the first two decisions, the Board additionally found that Mr. Wade had not identified specific protected disclosures that could reasonably support his vague whistleblower allegations.

On March 22, 2022, the agency rescinded its proposed removal and reissued a new proposed removal, which is the subject of this petition for review. The March 22, 2022, proposed removal charged Mr. Wade with Conduct Unbecoming of a Supervisory Federal Employee. The proposed removal was based on allegations that Mr. Wade "engag[ed] in consensual sexual encounters with VA employees while in the performance of [his] official duties" and that he "paid employees in the form of cash and/or overtime pay for hours not worked in return for the sexual encounters," S.A. 89, as well as other alleged inappropriate actions related to those sexual encounters.

On March 24, 2022, Mr. Wade appealed to the Board alleging the agency had failed to produce evidence

supporting the new proposed removal and that the proposed removal was improperly based on whistleblowing allegations. Mr. Wade did not allege that the agency had issued a final decision regarding his proposed removal. On April 22, 2022, an administrative judge, construing Mr. Wade's appeal under 5 U.S.C. § 7512, which grants jurisdiction to the Board over appeals from final adverse employment actions, issued an initial decision summarily dismissing Mr. Wade's appeal for lack of jurisdiction because "the agency merely proposed [Mr. Wade's] removal but has not issued a decision or effectuated the removal." S.A. 3. After Mr. Wade withdrew his petition for review by the Board, on July 18, 2022, the initial decision was adopted as the final decision of the Board.

Mr. Wade petitions this court for review of the Board's dismissal of his initial appeal.

## DISCUSSION

### I

As a preliminary matter, we must address whether we have jurisdiction over Mr. Wade's petition for review. We lack jurisdiction to hear petitions for review of Board cases involving discrimination under federal antidiscrimination laws. 5 U.S.C. § 7703(b)(1)(B). This includes so-called "mixed cases"—those "in which a federal employee (1) complains of having suffered a serious adverse personnel action appealable to the [Board] and (2) attributes the adverse action, in whole or in part, to bias prohibited by federal antidiscrimination laws." *Harris v. Securities & Exchange Commission*, 972 F.3d 1307, 1317 (Fed. Cir. 2020); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420, 437 (2017) ("[I]n mixed cases, . . . the district court is the proper forum for judicial review.").

In his statement concerning discrimination made to this court, Mr. Wade checked a box indicating that he "did claim that [he] was discriminated against before the MPSB

[*sic*] . . . and [he] do[es] not wish to abandon [his] discrimination claims." Fed. Cir. R. 15(c) Statement Concerning Discrimination 3, ECF No. 8 (June 7, 2022) (emphasis original). Mr. Wade wrote that before the Board he claimed "violation of the diability [*sic*] act (ADA), violation of Equal Rights to Employment, . . . and unlawful employment violations." *Id.* at 2; *see also* Fed. Cir. R. 15(c) Statement Concerning Discrimination, ECF No. 23 (Oct. 4, 2022) (similar).

On August 31, 2022, we stayed the briefing schedule in this case and ordered the parties to show cause whether the case should be dismissed or transferred to a district court. Order 2, ECF No. 19 (Aug. 31, 2022). On December 29, 2022, after considering the responses of the parties, we concluded we were "not prepared on the limited record before [us] to say that [we] lack[] jurisdiction at this time," and we lifted the stay of briefing. Order 2, ECF No. 33 (Dec. 29, 2022).

We now conclude that Mr. Wade did not bring a coherent, non-frivolous discrimination claim before the Board and, accordingly, that we have jurisdiction to hear Mr. Wade's petition for review. *See Adams v. Merit Systems Protection Board*, No. 2023-1212, 2023 WL 3493689, at *1 (Fed. Cir. May 17, 2023) ("[The petitioner] did not bring Board proceedings under [federal antidiscrimination laws] because he did not raise a non-frivolous basis to invoke the Board's jurisdiction."). Although the complaint contains conclusory allegations of sexual harassment, his complaint to the Board alleged that the agency did not have evidence to support its proposed removal, and that he had been removed for whistleblowing activity, not that the proposed removal was based on unlawful discrimination. We have jurisdiction over this petition for review under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## II

We will affirm a decision by the Board unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Hornseth v. Dep't of the Navy*, 916 F.3d 1369, 1373 (Fed. Cir. 2019). We review a Board determination that it lacked jurisdiction de novo. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

We have held that "[b]ecause mere proposals to remove are not listed in [5 U.S.C.] § 7512, they are not appealable adverse actions in themselves and the Board has no jurisdiction over them." *Cruz v. Dep't of the Navy*, 934 F.2d 1240, 1243 (Fed. Cir. 1991); *see also Mays v. Dep't of Trans.*, 27 F.3d 1577, 1579 (Fed. Cir. 1994) (jurisdiction under § 7512 does not extend to proposed removals). The only adverse employment action Mr. Wade challenges is the March 22, 2022 proposed removal, and Mr. Wade does not allege he has actually been removed. Accordingly, the Board, as it correctly concluded, lacked jurisdiction under § 7512.

In his petition for review to this court, Mr. Wade appears to argue that his initial appeal to the Board should have been considered an IRA appeal under § 1221(a), rather than an appeal of an adverse action under § 7512. Unlike § 7512, § 1221(a) is not restricted to final personnel actions and grants jurisdiction over IRA appeals with respect to proposed personnel actions as well. *See* 5 U.S.C. § 1221(a) (permitting an employee to appeal to the Board "with respect to any personnel action taken, or proposed to be taken"). However, before bringing an IRA appeal to the Board, an employee must exhaust administrative remedies before the Office of Special Counsel ("OSC"). 5 U.S.C. § 1214(a)(3); *see Young v. Merit Systems Protection Board*,

961 F.3d 1323, 1328 (Fed. Cir. 2020). Mr. Wade has not asserted that he brought his claim regarding the March 22, 2022 proposed removal before OSC and has not demonstrated that the Board erred in evaluating his claim as a challenge to an adverse action under § 7512 rather than an IRA appeal under § 1221(a).

We have considered Mr. Wade's remaining arguments and find them unpersuasive.

## **AFFIRMED**

COSTS

No costs.